**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

vs.

Case No. 8:15-CR-364-T-27SPF

**MILTON HERMENEGILDO**
**VALENCIA RAMOS**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion for Reduction of Sentence Pursuant to First Step Act of 2018 (Dkt. 91). Upon consideration, Defendant's motion is **DENIED**.

Pursuant to a plea agreement, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 52). He was sentenced to 120 months imprisonment, followed by five years of supervised release. (Dkt. 89). He did not appeal. In his motion, Defendant contends that he "qualifies for a sentence reduction under the First Step Act of 2018 subsection 401 (b) Controlled Substances Act" based on the Act's amendment of 21 U.S.C. § 960. (Dkt. 91 at 3). His contention, however, is without merit.

The First Step Act of 2018 was enacted on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194. And although Section 401(a)(1) of the First Step Act of 2018 amended 21 U.S.C. § 960, Section 402(b) provides that Section 401's amendments "shall apply only to a conviction entered on or after the date of the enactment of the Act." *Id.* § 402(b); *see United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020) ("[T]he First Step Act did not make § 401's amendments retroactively applicable to defendants sentenced prior to its

1

enactment."). Defendant was sentenced on April 4, 2016. (Dkt. 86). Accordingly, Defendant is ineligible for relief since he was convicted and sentenced before enactment of the First Step Act.[1]

Defendant further contends that "[t]here has been a misjustice of the law act of conduct perpetrated upon the person of Valencia Ramos resulting in a unduly conviction which calls for reversal." (Dkt. 91 at 3). To the extent he attempts to collaterally attack his conviction, he must do so in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[2]

**DONE AND ORDERED** this 16th day of June, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation Office

---

[1] While his motion was pending, in accord with this Court's Omnibus Order (Case No. 8:19-mc-10-T-23), the United States Probation Office submitted a memorandum advising that Defendant is ineligible for a sentence reduction under the First Step Act because his offense of conviction is not a "covered offense" as defined in Section 404 of the First Step Act. (Dkt. 92). Moreover, defense counsel advises that they have satisfied the requirements of the Court's Omnibus Order and cannot argue in good faith that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Section 404 of the First Step Act (Dkt. 96). Upon consideration, Probation's assessment is correct.

The First Step Act, which made retroactive the Fair Sentencing Act, does not provide relief since Defendant was sentenced after enactment of the Fair Sentencing Act on August 3, 2010. Regardless, the First Step Act did not reduce his applicable statutory minimum mandatory penalty, as he was not convicted of a cocaine base offense. His offense is not, therefore, a "covered offense" under Section 404(a). *See Pubien*, 805 F. App'x at 730 (noting that convictions related to powder cocaine are not "covered offenses" under Section 404 of the First Step Act).

[2] In the event Defendant chooses to file a Section 2255 motion, he should address the timeliness of his motion and include all arguments related to equitable tolling. *See* 28 U.S.C. § 2255(f); *see also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).